UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KENYATTA ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-01867-SEB-KMB |
| | ) |
| QFRM2, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

Presently pending before this Court is Plaintiff Kenyatta Robinson's ("Plaintiff") Motion for Attorneys' Fees pursuant to 18 U.S.C. § 1927. [Dkt. 63.] For the reasons explained below, the Court finds that Defendants' delay in issuing the settlement payment in this case does not constitute conduct that "unreasonably and vexatiously" multiplied these proceedings within the meaning of 18 U.S.C. § 1927. Accordingly, Plaintiff's motion is **DENIED**.

### I.   RELEVANT BACKGROUND

This is an employment case based on allegations that Plaintiff experienced discrimination and other unlawful conduct while employed at Defendants' restaurant in 2022. [Dkt. 1.] On January 15, 2025, the Court held a Settlement Conference in this case. [Dkt. 57.] At the conference, the Parties reached an agreement in principle to resolve the case. [Dkt. 57.] On January 21, 2025, the Court issued a Minute Entry confirming the same, vacating all case management deadlines, and directing the Parties to file a stipulation of dismissal within thirty days. [Dkt. 57.]

Counsel for the Parties then exchanged drafts of and finalized a written settlement agreement after the Settlement Conference (the "Settlement Agreement"). [Dkts. 63-2; 63-3.] On

February 6, 2025, Plaintiff executed the Settlement Agreement and returned it to Defendants together with the necessary tax forms. [Dkts. 63-5; 63-6.] The Settlement Agreement required Defendants to issue payment to Plaintiff within thirty days of full execution of the Settlement Agreement. [Dkt. 64-1.] The Parties dispute the exact due date of that payment, but any disagreement on that is immaterial because they agree that under either deadline, Plaintiff did not receive timely payment under the Settlement Agreement.

On March 13, 2025, Plaintiff moved to enforce the Settlement Agreement, contending that Defendants' failure to pay warranted the Court's enforcement of the Settlement Agreement, sanctions in the form of fee-shifting pursuant to 28 U.S.C. § 1927, and all interest and penalties accruing on a litigation-funding loan Plaintiff had obtained. [Dkt. 58.] Defendants opposed Plaintiff's motion, attributing the delay to a serious personal matter of counsel and the departure of prior counsel. [Dkt. 59.] Plaintiff replied, [dkt. 60], but while briefing was underway, Defendants issued settlement checks and filed a Notice of Performance advising the Court that payment had been made in full pursuant to the Settlement Agreement. [Dkt. 61.] On April 22, 2025, the Court denied Plaintiff's Motion to Enforce as moot because of Defendants' compliance. [Dkt. 62.] The Court invited Plaintiff to file a renewed motion after meeting and conferring with counsel for Defendants if any request for relief was outstanding. [Dkt. 62.]

On May 17, 2025, Plaintiff filed the present Motion for Attorneys' Fees, seeking $2,000 pursuant to 28 U.S.C. § 1927. [Dkt. 63.] Defendants oppose the motion, [dkt. 64], and Plaintiff did not file a reply. Thus, the matter is now ripe for the Court's review and decision.

## II.  APPLICABLE LEGAL STANDARD

Plaintiff may recover attorneys' fees only if such recovery is authorized by contract or statute. *Starstone Ins. SE v. City of Chi.*, 133 F.4th 764, 768 (7th Cir. 2025). Here, Plaintiff

invokes 28 U.S.C. § 1927 as the sole basis for his request. That statute permits a court to sanction an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously" to satisfy the excess costs, expenses, and attorneys' fees reasonably incurred as a result. 28 U.S.C. § 1927.

The Seventh Circuit has made clear that 28 U.S.C. § 1927 is "clearly punitive and thus must be construed strictly." *Knorr Brake Corp. v. Harbil, Inc.*, 738 F.2d 223, 226 (7th Cir. 1984); *Globaltap, LLC v. Cantwell & Cantwell*, No. 16 C 4395, 2018 U.S. Dist. LEXIS 114331, 2018 WL 3190823, at *1 (N.D. Ill. Mar. 21, 2018). Conduct amounts to "unreasonably and vexatiously" multiplying proceedings if it is undertaken in bad faith. *Dal Pozzo v. Basic Mach. Co., Inc.*, 463 F.3d 609, 614 (7th Cir. 2006). Bad faith may be shown either subjectively, such as when an attorney acts with intent to harass, delay, or knowingly pursue frivolous claims, or objectively, such as when an attorney engages in conduct so reckless or indifferent to the orderly processes of justice that it effectively burdens the proceedings. *Id*; *In re TCI, Ltd.*, 769 F.2d 441, 445 (7th Cir. 1985). Mere negligence, without more, is insufficient to justify an order of sanctions pursuant to 28 U.S.C. § 1927. *Kotsilieris v. Chalmers,* 966 F.2d 1181, 1186 (7th Cir. 1992).

### III.   DISCUSSION

Plaintiff does not argue, and the record does not support, any contractual or statutory basis for fee recovery.[1] Rather, Plaintiff asks that the Court award him $2,000 in attorneys' fees under 28 U.S.C § 1927. [Dkt. 63.] Plaintiff's motion largely restates the timeline set forth in Plaintiff's prior motion, [dkt. 58], detailing the Parties' communications following execution of the

---

[1] To the extent the Parties dispute whether Defendants' late payment constitutes a material breach of the Settlement Agreement, that issue has no bearing on the present motion. Attorneys' fees are not recoverable as a contractual remedy under either the Settlement Agreement or any applicable law in this case; thus, the only potential basis for recovery here is as a sanction under 28 U.S.C. § 1927.

3

Settlement Agreement, [dkt. 63 at 1-5].  Plaintiff contends that Defendants' counsel unreasonably and vexatiously delayed the proceedings by failing to respond to repeated inquiries and to timely issue the settlement checks, thereby forcing Plaintiff to file both the earlier enforcement motion, [dkt. 58], and the pending motion, [dkt. 63].  Although Plaintiff admits he received the corrected settlement payment in full, [dkt. 63 at 7], Plaintiff asks this Court to award "reasonable attorneys' fees associated with the filing of this motion and attempts at enforcement of the settlement since March 7, 2025, pursuant to 28 U.S.C. § 1927."  [Dkt. 63 at 7.]

Defendants oppose the motion.  [Dkt. 64.]  They argue that Plaintiff was paid in full within fifteen days of the contractual deadline and contend that such a brief delay does not warrant the sanctions Plaintiff seeks.  [*Id*. at 2-4.]  Defendants further assert that attorneys' fees are unavailable under Indiana law or the Settlement Agreement, which expressly provides that each party is to bear its own fees.  [*Id*. at 2-3.]  Defendants emphasize that the only fee-shifting provision in the Settlement Agreement operates in Defendants' favor, requiring Plaintiff to reimburse Defendants for costs incurred in the event of further legal proceedings.  [Dkt. 64-1 at 5.]  Finally, Defendants contend that § 1927 sanctions are unwarranted because the delay did not result from bad faith and was promptly corrected when brought to counsel's attention.  [Dkt. 64 at 4-5.]

Plaintiff did not file a reply brief.

Because § 1927 is punitive in nature and "must be construed strictly," the Court concludes that Defendants' delay, though regrettable, does not reflect the bad faith required to impose sanctions in this case. *Knorr Brake Corp.*, 738 F.2d at 226.  The record reflects that Defendants' settlement payment was approximately fifteen days late.  Plaintiff's counsel had trouble reaching defense counsel, which understandably caused frustration and prompted Plaintiff to file the initial Motion to Enforce.  [Dkt. 58.]  But nothing in the record supports a finding that Defendants acted

4

in bad faith such that statutory sanctions under § 1927 are appropriate. The delay in settlement payment stemmed from a personal matter of Defendants' counsel and the departure of another attorney from the case. Once Defendants' counsel became aware of the issue, he acted to correct it and Plaintiff received full payment a little more than two weeks after the contractual deadline. These circumstances do not show "a serious and studied disregard for the orderly process of justice" as § 1927 requires. *Bender v. Freed*, 436 F.3d 747, 751 (7th Cir. 2006) (internal quotations omitted). Thus, Plaintiff's Motion for Attorneys' Fees is **DENIED**. [Dkt. 63.]

## V.     CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Attorneys' Fees under 28 U.S.C § 1927 is **DENIED**. [Dkt. 63.] The Parties in this case have not yet filed a stipulation of dismissal as previously ordered by the Court, likely due to this pending motion. Now that all issues are resolved, the Court *sua sponte* extends the Parties' deadline to file a stipulation of dismissal in this case **to November 3, 2025**.

**SO ORDERED.**

Date: 10/27/2025

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record.